# City of Henderson et al. v. Royal Indemnity Company.

(Decided October 30, 1928.)

DORSEY & DORSEY for appellants.

HENSON & TAYLOR and WOODWARD, WARFIELD & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This appeal was considered by the court in connection with the appeal of the case of Ætna Life Insurance Co. v. City of Henderson, 9 S. W. (2d) —, this day decided, and the facts are identical. The appellee issued to the city of Henderson a workmen's compensation policy covering the city's employees at its gasworks. There is a rider attached to the policy containing the following provision:

"It is understood and agreed that the undermentioned policy is limited to coverage of employees in connection with gasworks of assured."

The provision of the policy shows that it covered the risks embraced in Manual No. 7500, which classification embraces gasworks, operation of gashouse, maintenance of existing works and mains, making of house connections and installations, inspection and repair of equipment on consumers' premises, and laying of mains and connections. It is true that the policy shows that, in the operation of the gasworks, the city used no drivers and drivers' helpers, but the rider on the policy quoted above shows that the policy was limited to coverage of employees in connection with gasworks of the city. There is another provision in the policy where it is stated that the employer is conducting no other business operations at the location of the gasworks, or any other location not disclosed, except "as necessary."

Under the provisions of section 4953, Ky. Stats., the policy must provide complete coverage for the particular classification designated under the classification manual.

748

The designation was gasworks, and the policy clearly shows that appellant agreed to indemnify against injury or death to any of the employees engaged in the operation of the gasworks. If the contract itself did not so provide, the law writes such a provision into the contract for the parties.

No question is left for determination other than whether Davis was an employee of the city working at the gasworks, and that the work which he was performing was a necessary part of the work to be carried on in connection with the gasworks at the time of his injury. Gasworks cannot be operated without coal, and the city was delivering the coal to the gasworks at the time of the injury. Davis was on the pay roll of the city at all times, but at this particular time his wages were chargeable to the gasworks. He was performing a necessary duty in connection with their operation. All employees at the gasworks engaged in performing a work necessary for the conduct of the gasworks affairs were covered by the policy, and the appellee should have been held responsible for the award made against the city growing out of the injury and death of Davis.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.